**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 2 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

Last revised: August 1, 2020

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:

Kim Waddy

Debtor(s)

Case No.: 20-20432-ABA

Judge: Altenburg

## Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: 11/15/2022
☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ____LMP____    Initial Debtor: ____KW____    Initial Co-Debtor: _____

**Part 1:   Payment and Length of Plan**

a. The debtor shall pay $ _____410.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____12/01/2022_____ for approximately _____10_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒   Future earnings

☐   Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:   Adequate Protection ☐ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:   Priority Claims (Including Administrative Expenses)**

    a.  All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 4,095.00 |
| Midfirst Bank | Administrative fees | $538.00 |
| Internal Revenue Service | Federal income tax | $6,584.00 |

    b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

    ☒ None

    ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| NJHMFA | 310 Front Street | $46,255.00 | $155,000.00 | $162,268.13 | $0.00 | | $0.00 |
| US Dept of Housing & Urban Development | 310 Front Street | $57,157.19 | $155,000.00 | $162,268.13 | $0.00 | | $0.00 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Midland Mortgage

Credit Acceptance Corporation

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

### Part 5:    Unsecured Claims ☐ NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

**b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

### Part 6: Executory Contracts and Unexpired Leases  ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

### Part 7: Motions  ☐ NONE

**NOTE: All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal, and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).** ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| NJHMFA | 310 Front Street | $46,255.00 | $155,000.00 | $162,268.13 | $0.00 | $46,255.00 |
| US Dept of Housing & Urban Development | 310 Front Street | $57,157.19 | $155,000.00 | $162,268.13 | $0.00 | $57,157.19 |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Lee M. Perlman, Esquire

3) Secured Creditors

4) Priority Creditors/Unsecured Creditors

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification ☐ NONE**

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Debtor was approved for a loan modification.<br><br>The lease with Nissan Motor Acceptance Corp/Infinity ended. | Mortgage arrears and loan modification intentions have been removed. Midland Mortgage is now unaffected in the plan.<br><br>Debtor to pay pro rata portion to Unsecured Creditors in the amount of disposable income showing on Schedule J.<br><br>Removed Nissan Motor Acceptance Corp/Infinity as a leased creditor. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒ Yes    ☐ No

**Part 10:  Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 11/15/2022 _____      /s/ Kim Waddy_____
                                                                         Debtor

Date: _____                           _____
                                                                         Joint Debtor

Date: 11/15/2022 _____      /s/ Lee M. Perlman_____
                                                                         Attorney for Debtor(s)

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 20-20432-ABA |
| Kim Waddy | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-1 | User: admin | Page 1 of 3 |
| Date Rcvd: Nov 16, 2022 | Form ID: pdf901 | Total Noticed: 39 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4). |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 18, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Kim Waddy, 310 Front Street, Delran, NJ 08075-1132 |
| cr | + | Nissan Motor Acceptance Corporation, POB 340514, Tampa, FL 33694-0514 |
| 518953180 | #+ | Admirals Bank, 200 Clarendon St Fl 22, Boston, MA 02116-5051 |
| 518953187 | + | Health First Financial, LLC, PO Box 7887, Springfield, OR 97475-0034 |
| 518953188 | + | HealthFirst Financial, LLC, PO Box 7887, Springfield, OR 97475-0034 |
| 518953189 | + | Jefferson University Physician, Central Business Office, PO Box 40089, Philadelphia, PA 19106-0089 |
| 519019595 | + | Larchmont Imaging, Attn Apex Asset Management, LLC, PO Box 5407, Lancaster, PA 17606-5407 |
| 518953190 | + | Larchmont Medical Imaging, 1295 Route 38 West, Hainesport, NJ 08036-2702 |
| 518953191 | + | Lourdes Cadiology Services, PC, PO Box 824699, Philadelphia, PA 19182-4699 |
| 518953192 | + | Lourdes Health System, PO Box 822112, Philadelphia, PA 19182-2112 |
| 518953193 | + | Midland Mortgage, PO Box 268806, Oklahoma City, OK 73126-8806 |
| 518953203 | + | NJ Housing and Mortgage Finance Agency, HHF Closing Dept., 637 South Clinton Ave., Trenton, NJ 08611-1811 |
| 518953205 | + | NJHMFA, PO Box 18550, Trenton, NJ 08650-2085 |
| 518961155 | + | Navient Solutions, LLC on behalf of, Educational Credit Management, Corporation, PO BOX 16408, St. Paul, MN 55116-0408 |
| 518953207 | + | Palmyra Ambulance Assoc., PO Box 213, Palmyra, NJ 08065-0213 |
| 518953210 | + | Shapiro & DeNardo, LLC, 14000 Commerce Parkway, Ste B, Mount Laurel, NJ 08054-2242 |
| 518953211 | + | State of New Jersey, Office of the Attorney General, RJ Hughes Justice Complex, 25 Market St, Box 080, Trenton, NJ 08611-2148 |
| 518953214 | + | United States Attorney General, 25 Market Street 8th Floor, West Wing, Trenton, NJ 08611-2148 |
| 518953217 | ++ | WELLS FARGO BANK NA, 1 HOME CAMPUS, MAC X2303-01A, DES MOINES IA 50328-0001 address filed with court:, Wells Fargo Bank Ia N, Attn: Bankruptcy Dept, Po Box 6429, Greenville, SC 29606 |

TOTAL: 19

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: usanj.njbankr@usdoj.gov | Nov 16 2022 20:40:00 | U.S. Attorney, 970 Broad St., Room 502, Rodino Federal Bldg., Newark, NJ 07102-2534 |
| smg | + | Email/Text: ustpregion03.ne.ecf@usdoj.gov | Nov 16 2022 20:40:00 | United States Trustee, Office of the United States Trustee, 1085 Raymond Blvd., One Newark Center, Suite 2100, Newark, NJ 07102-5235 |
| lm | | Email/PDF: ais.midfirst.ebn@aisinfo.com | Nov 16 2022 20:38:49 | MIDFIRST BANK, PO Box 26648, Oklahoma City, OK 73126-0648 |
| 518953181 | + | Email/PDF: bncnotices@becket-lee.com | Nov 16 2022 20:49:08 | Amex/Bankruptcy, Correspondence, Po Box 981540, El Paso, TX 79998-1540 |
| 518953182 | + | Email/Text: creditcardbkcorrespondence@bofa.com | Nov 16 2022 20:40:00 | Bank Of America, Attn: Bankruptcy, Po Box 982238, El Paso, TX 79998-2238 |
| 518962849 | + | Email/Text: mortgagebkcorrespondence@bofa.com | Nov 16 2022 20:40:00 | Bank of America, N.A., P O Box 982284, El Paso, TX 79998-2284 |
| 518953183 | + | Email/Text: bankruptcy_notifications@ccsusa.com | | |

Case 20-20432-ABA   Doc 48   Filed 11/18/22   Entered 11/19/22 00:14:35   Desc Imaged
                           Certificate of Notice   Page 12 of 13

| District/off: 0312-1 | User: admin | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Nov 16, 2022 | Form ID: pdf901 | Total Noticed: 39 |

| Recip ID | | Notice Type | Date/Time | Recipient |
|---|---|---|---|---|
| | | | Nov 16 2022 20:41:00 | Credit Collections Services, Attention: Bankruptcy, 725 Canton Street, Norwood, MA 02062-2679 |
| 518953184 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Nov 16 2022 20:49:10 | Department Store National Bank/Macy's, Attn: Bankruptcy, 9111 Duke Boulevard, Mason, OH 45040 |
| 519108661 | + | Email/Text: sbse.cio.bnc.mail@irs.gov | Nov 16 2022 20:40:00 | Department of Treasury, Internal Revenue Service, P O Box 7346, Philadelphia, PA 19101-7346 |
| 518953185 | | Email/Text: jill@ffcc.com | Nov 16 2022 20:40:00 | First Federal Credit Control, Attn: Bankruptcy, 24700 Chagrin Blvd, Ste 205, Cleveland, OH 44122 |
| 519001923 | + | Email/PDF: ais.midfirst.ebn@aisinfo.com | Nov 16 2022 20:38:17 | MidFirst Bank, 999 Northwest Grand Boulevard, Oklahoma City, OK 73118-6051 |
| 518953194 | + | Email/PDF: pa_dc_claims@navient.com | Nov 16 2022 20:38:36 | Navient, Attn: Bankruptcy, Po Box 9000, Wiles-Barr, PA 18773-9000 |
| 518953202 | + | Email/Text: NissanBKNotices@nationalbankruptcy.com | Nov 16 2022 20:40:00 | Nissan Motor Acceptance Corp/Infinity Lt, Attn: Bankruptcy, Po Box 660360, Dallas, TX 75266-0360 |
| 518953208 | | Email/Text: bankruptcies@patientfirst.com | Nov 16 2022 20:40:00 | Patient First, PO Box 758941, Baltimore, MD 21275 |
| 518953209 | + | Email/Text: bankruptcy@rubinrothman.com | Nov 16 2022 20:40:00 | Rubin & Rothman, LLC, 1787 Veterans Memorial Hwy, Islandia, NY 11749-1500 |
| 518953212 | + | Email/PDF: gecsedi@recoverycorp.com | Nov 16 2022 20:38:52 | Syncb/care Credit, Attn: Bankruptcy, Po Box 965060, Orlando, FL 32896-5060 |
| 518965131 | | Email/PDF: OGCRegionIIBankruptcy@hud.gov | Nov 16 2022 20:38:35 | US Department of Housing and Urban Development, 26 Federal Plaza, Suite 3541, New York, NY 10278 |
| 518953215 | + | Email/PDF: OGCRegionIIBankruptcy@hud.gov | Nov 16 2022 20:38:35 | US Dept of Housing & Urban Development, 451 7th Street S.W., Washington, DC 20410-0002 |
| 518953213 | ^ | MEBN | Nov 16 2022 20:38:04 | United States Attorney General, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 |
| 518965097 | + | Email/PDF: ais.wellsfargo.ebn@aisinfo.com | Nov 16 2022 20:39:01 | Wells Fargo Bank, N.A., 435 Ford Road, Suite 300, St. Louis Park, MN 55426-4938 |

TOTAL: 20

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 518953186 | *P++ | FIRST FEDERAL CREDIT CONTROL INC, 24700 CHAGRIN BLVD, SUITE 205, BEACHWOOD OH 44122-5662, address filed with court:, First Federal Credit Control, Attn: Bankruptcy, 24700 Chagrin Blvd, Ste 205, Cleveland, OH 44122 |
| 518953204 | *+ | NJ Housing and Mortgage Finance Agency, HHF Closing Dept., 637 South Clinton Ave., Trenton, NJ 08611-1811 |
| 518953206 | *+ | NJHMFA, PO Box 18550, Trenton, NJ 08650-2085 |
| 518953195 | *+ | Navient, Attn: Bankruptcy, Po Box 9000, Wiles-Barr, PA 18773-9000 |
| 518953196 | *+ | Navient, Attn: Bankruptcy, Po Box 9000, Wiles-Barr, PA 18773-9000 |
| 518953197 | *+ | Navient, Attn: Bankruptcy, Po Box 9000, Wiles-Barr, PA 18773-9000 |
| 518953198 | *+ | Navient, Attn: Bankruptcy, Po Box 9000, Wiles-Barr, PA 18773-9000 |
| 518953199 | *+ | Navient, Attn: Bankruptcy, Po Box 9000, Wiles-Barr, PA 18773-9000 |
| 518953200 | *+ | Navient, Attn: Bankruptcy, Po Box 9000, Wiles-Barr, PA 18773-9000 |
| 518953201 | *+ | Navient, Attn: Bankruptcy, Po Box 9000, Wiles-Barr, PA 18773-9000 |
| 518953216 | *+ | US Dept of Housing & Urban Development, 451 7th Street S.W., Washington, DC 20410-0002 |

TOTAL: 0 Undeliverable, 11 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Nov 18, 2022         Signature:    /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 15, 2022 at the address(es) listed below:

| Name | Email Address |
| --- | --- |
| Brian C. Nicholas | on behalf of Creditor MidFirst Bank bnicholas@kmllawgroup.com bkgroup@kmllawgroup.com |
| Denise E. Carlon | on behalf of Loss Mitigation MIDFIRST BANK dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com |
| Gavin Stewart | on behalf of Creditor Nissan Motor Acceptance Corporation bk@stewartlegalgroup.com |
| Isabel C. Balboa | on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com summarymail@standingtrustee.com |
| Isabel C. Balboa | ecfmail@standingtrustee.com summarymail@standingtrustee.com |
| Lee Martin Perlman | on behalf of Debtor Kim Waddy ecf@newjerseybankruptcy.com mcdoherty@ecf.courtdrive.com;hspivak@ecf.courtdrive.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 7